## THE STATE v. JOHN HARTLEY, Appellant.

### Division Two, December 4, 1919.

**THEFT: Hogs on Range: Sufficient Evidence.** Hogs ran loose on the range about a mile from the home of their owner, whose name was Scott; appellant, who lived ten miles away in another county, was seen on Friday morning about a mile from Scott's home traveling on horseback, and stated he was going to see about some stave timber; Saturday afternoon, two witnesses met him about two miles from his own home, walking down the public roads with five hogs in front of him, and he said that he thought they were Jasper Crow's; later they were identified as the property of Scott and as some of the hogs that had been running on the range; while the witnesses were talking to him about their ownership, the hogs moved to one side of the road, and appellant walked on; the next morning Scott found the hogs within one hundred yards of where appellant had left them; several witnesses testified that the hogs were stiff and sore, and had the appearance of having been driven a considerable distance; two witnesses testified that they were able to track the hogs for about four miles up to this point, and that the tracks of a man followed them. *Held,* that the evidence was sufficient to sustain a conviction.

Appeal from Washington Circuit Court.—*Hon. E. M. Dearing.* Judge.

AFFIRMED.

*Clark & Cunningham* for appellant.

(1) The evidence is insufficient to establish the *corpus delicti.* State v. Lee, 182 S. W. 972. (2) The evidence is insufficient to support the judgment of conviction. State v. Lee supra; State v. Counts, 234 Mo. 580.

*Frank W. McAllister,* Attorney-General, and *L. H. Cook,* Special Assistant, for respondent.

(1) While brief, the evidence was ample to sustain the verdict. The owner, as well as the other witnesses,

identified the hogs as the property of the former. Witnesses Kimberlin and Scott confronted the defendant driving the hogs in the direction of the defendant's home and tracks in the road made by the defendant and the hogs clearly showed that they were driven from their usual pasture. This alone is sufficient to prove the wrongful taking and carrying away by the defendant of the personal property of another. The jury was qualified to judge of the intent.

WILLIAMS, P. J.—Upon an information charging him, with the larceny of six hogs, the property of one Thomas Scott, defendant was tried in the Circuit Court of Washington County, found guilty, and his punishment assessed at imprisonment in the penitentiary for two years. Defendant has duly perfected an appeal.

The evidence upon the part of the State tends to establish the following facts:

The crime is alleged to have occurred on October 13, 1917. At that time one Thomas Scott, a farmer living in Washington County, was the owner of nine hogs, each weighing about one hundred and twenty-five pounds. The hogs were black with a few white spots on them and were marked with a "split" in the right ear and with a "half crop" in the left ear. The hogs ran loose on the range about one mile from Mr. Scott's home. Mr. Scott took feed to the hogs about once each week and usually found them at about the same place on the range. The appellant lived over in the edge of Crawford County, about ten miles distant from the Scott home.

On Friday morning, October 12, 1917, the appellant was seen on horseback about one mile from the home of Thomas Scott, going in a direction which would take him away from his home. He then stated that he was going to see about some stave timber.

The next afternoon (Oct. 13, 1917), a little before sundown, two witnesses met the appellant on the public road at a point about two miles from his home and about eight miles from Mr. Scott's home. One of these wit-

nesses stated that appellant "was coming down the road with some hogs . . . he was behind the hogs . . . I saw him kick one of the hogs."

It developed later that these five hogs were the property of Thomas Scott and were some of the hogs that had been running upon the range near his home. When the witnesses met the appellant they stopped and talked to him. One of the witnesses asked him to whom the hogs belonged and he replied that "he thought they were Jasper Crow's."

One of these witnesses described the appellant's action as follows:

"Q. How far would you say that Mr. Hartley had been driving these hogs when you first met him? A. I just saw him driving them. He was walking along behind the hogs, and just as I came up the hogs turned out to the side of the road, and he walked straight ahead."

The next morning Mr. Scott, the owner of the hogs, came to the place where the witnesses had met the appellant and there found four of the hogs within one-hundred yards of that point. Several witnesses testified that the hogs were stiff and sore and had the appearance of having been driven a considerable distance. Two of the witnesses testified that they were able to track the hogs for a distance of about four miles up to this point; that during this distance of four miles they noticed that the tracks of the hogs were followed by the tracks of a man, and that the tracks appeared to have been made within the last twenty-four hours; that they noticed that at places where the tracks of the hogs left the road the tracks of the man also left the road.

The evidence upon the part of the appellant tends to establish the following facts:

Appellant testifying in his own behalf stated that he met the two witnesses on the road on Saturday afternoon, October 13, 1917; that one of the witnesses asked him to whom the hogs belonged and he stated that he thought they belonged to Mr. Crow. Appellant

further testified that he never got closer than within twenty steps of the hogs at any time, and that he first saw the hogs as they came across the road behind him; that the place where he met the two witnesses on the road was about three quarters of a mile from his home, and that after talking to the men he went to his home where he stayed all night. That he left his home Sunday morning about nine o'clock to look for some of his hogs over in Mr. Crow's field.

There was other evidence tending to show that appellant reached home about sundown Saturday afternoon, October 13, 1917, and stayed at home all night, and that he did not drive any hogs home with him.

Appellant's son testified that appellant worked at home Saturday morning, October 13, 1917, until about noon. That his father owned two mules and a pony, all of which were in use by members of the family other than appellant, on Saturday, October 13, 1917.

The State in rebuttal offered three witnesses who testified that the appellant's reputation for truth and veracity in that neighborhood was bad.

The only point urged by appellant as ground for reversal is that the evidence is insufficient to support the verdict.

In support of this contention appellant cites State v. Lee, 272 Mo. 121, and State v. Counts, 234 Mo. 580.

We are unable to agree with appellant's contention. The facts of the present case, as will appear from a mere reading of the facts of the respective cases, clearly distinguish it from the cases cited. All the facts and circumstances shown by the record in the present case have been fully stated in the foregoing statement, and repetition of same is here unnecessary.

The facts indicating guilt in the present case are even stronger than were the facts held in judgment in the recent case of State v. Nave, 273 Mo. 366, wherein a conviction for stealing stock from the range was upheld.

After a careful review of all the facts and circumstances shown by the present record we have no hesitancy in saying that the evidence was sufficient to make a case for the jury. Under such circumstances we are not warranted in interfering with the verdict rendered.

The judgment is affirmed. All concur.